**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NATIONAL INSTITUTE OF FAMILY
AND LIFE ADVOCATES, DBA
NIFLA, a Virginia corporation;
PREGNANCY CARE CENTER, DBA
Pregnancy Care Clinic, a California
corporation; FALLBROOK
PREGNANCY RESOURCE CENTER, a
California corporation,
           *Plaintiffs-Appellants*,

v.

XAVIER BECERRA,* Attorney
General, in his official capacity as
Attorney General for the State of
California; THOMAS MONTGOMERY,
in his official capacity as County
Counsel for San Diego County;
MORGAN FOLEY, in his official
capacity as City Attorney for the
City of El Cajon, CA; EDMUND G.
BROWN, JR., in his official capacity
as Governor of the State of
California,
           *Defendants-Appellees.*

No. 16-55249

D.C. No.
3:15-cv-02277-
JAH-DHB

ORDER

On Remand from the Supreme Court of the United States

Filed August 28, 2018

Before:  Dorothy W. Nelson, A. Wallace Tashima,
and John B. Owens, Circuit Judges.

## SUMMARY**

**Preliminary Injunction / First Amendment**

On remand from the United States Supreme Court, the panel reversed in part, vacated in part, and remanded to the district court for further proceedings in light of *National Institute of Family and Life Advocates v. Becerra ("NIFLA")*, 138 S. Ct. 2361 (2018).

In *NIFLA*, the Supreme Court concluded that the plaintiffs were "likely to succeed on the merits of their claim that the [California Reproductive Freedom, Accountability, Comprehensive Care, and Transparency Act] violates the First Amendment." 138 S. Ct. at 2376.  The panel reversed the district court's conclusion that plaintiffs were not likely to succeed on the merits of their free speech claims with

---

* Xavier Becerra has been substituted for his predecessor, Kamala D. Harris, as Attorney General for the State of California under Fed. R. App. P. 43(c)(2).

** This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

respect to the notices covering both the licensed and unlicensed facilities.

The panel vacated the district court's order on the three remaining preliminary injunction *Winter* factors, and remanded for the district court to reconsider them in light of *NIFLA*.

---

### ORDER

In light of *National Institute of Family and Life Advocates ("NIFLA") v. Becerra*, 138 S. Ct. 2361 (2018), we **reverse in part**, **vacate in part**, and **remand** this case to the district court for further proceedings.

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of the equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). A "plaintiff [must] make a showing on *all four prongs*" to obtain a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (emphasis added); *see also Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (stating that a plaintiff "must show" all four factors before an injunction may issue (citation and internal quotation marks omitted)).

In *NIFLA*, the Supreme Court concluded that NIFLA, Pregnancy Care Center, and Fallbrook Pregnancy Resource Center ("Plaintiffs") were "likely to succeed on the merits of their claim that the [California Reproductive Freedom,

Accountability, Comprehensive Care, and Transparency Act] violates the First Amendment." 138 S. Ct. at 2378. We therefore **reverse** the district court's conclusion that Plaintiffs were not likely to succeed on the merits of their free speech claims with respect to the notices covering both the licensed and unlicensed facilities.

The district court further premised its analysis of the other three *Winter* factors on its conclusion that Plaintiffs' First Amendment claim was not likely to succeed. We therefore **vacate** the district court's order on the three remaining *Winter* factors and **remand** for the district court to consider them again in light of *NIFLA*.

Plaintiffs-Appellants shall recover their costs on appeal from Defendants-Appellees.

**REVERSED in part, VACATED in part, and REMANDED.**